IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | |
| : | CIVIL NO. 1:CR-12-0268-3 |
| MICHAEL MORRIS, : | |
| Defendants : | (Judge Caldwell) |
| : | |
| : | |
| : | |

*M E M O R A N D U M*

On July 14, 2016, we denied Defendant's 28 U.S.C. § 2255 motion and also denied a certificate of appealability. The pro se defendant, Michael Morris, has filed a motion (Doc. 184) for extension of time to file a certificate of appealability (COA).

Given Defendant's pro se status, we construe his motion for an extension of time to file a COA as a motion for extension of time to file a notice of appeal. *See Allen v. Vaughn*, 298 F. App'x 130, 132 (3d Cir. 2008)(nonprecedential)(acknowledging that a pro se application for a COA could be construed as a motion for extension of time to file an appeal).

Because the United States is a party, Defendant had sixty days from the date of the July 14 order to file a notice of appeal. See Fed. R. App. P. 4(a)(1)(B)(i). This gave Defendant until September 12, 2016, to file a notice of appeal. Defendant did not

file a notice of appeal, but did file on September 12 his motion for extension of time to file a COA.[1]

Under Fed. R. App. P. 4(a)(5), a district court may extend the time to file a notice of appeal if (1) the party "so moves no later than 30 days after the time prescribed" in Rule 4(a)(1); and (2) "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Rule 4(a)(5)(A)(i) and (ii). If filed "before the expiration of the time prescribed in Rule 4(a)(1) or (3)," the motion "may be ex parte unless the court requires otherwise." Rule 4(a)(5)(B).

The September 12 motion was filed no later than thirty days after the expiration of the sixty-day period set forth in Rule 4(a)(1)(B),[2] so Rule 4(a)(5) applies here. The motion was also filed (albeit on the last day) before the expiration of the time set forth in Rule 4(a)(1), so we will treat it as an ex parte motion.

On the merits, we put aside whether there is good cause to extend the filing deadline because we believe that Defendant can show excusable neglect. The test for excusable neglect includes four factors: "'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether

---

[1] The motion was postmarked September 13, 2016, and docketed September 15, but was signed September 12. In light of the prison mailbox rule, *see Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 84 n.2 (3d Cir. 2013), we will treat the motion as having been filed on September 12.

[2] Indeed, it was filed on the last day of the sixty-day period.

the movant acted in good faith.'" *Brodie v. Gloucester Twp.*, 531 F. App'x 234, 236-37 (3d Cir. 2013)(nonprecedential)(quoted case omitted)(brackets added in *Brodie*).

There is no danger of prejudice to the government as allowing the appeal will simply give Defendant an opportunity for appellate-court review of our denial of his 2255 motion. There has been no – or minimal - delay as Defendant filed his extension motion on the last day to file an appeal. Defendant has also given a valid reason for the delay, a "mail snafu within the prison mail system" (Doc. 184, ECF p. 1) that resulted in his receiving the July 14 order only shortly before he filed his extension motion. Finally, there is no reason to conclude that Defendant did not act in good faith.

We will therefore grant an extension of time to file the notice of appeal. In fact, since it is obvious that Defendant wishes to appeal, we will simply direct the Clerk of Court to file the notice of appeal for Defendant. *See Brown v. Division of Youth & Family Services*, 580 F. App'x 96, 97 n.1 (3d Cir. 2014)(nonprecedential).[3]

Defendant has also moved for: (1) appointment of counsel to assist him in the filing of a COA; and (2) an extension of time to file a COA. Based on our denial of a COA, we will deny the motion for appointment of counsel. We will also deny the motion for an extension of time to file a COA. However, Defendant is free to renew these two

---

[3] Alternatively, we observe that since Defendant filed his extension motion on the last day of the appeal period, the extension motion itself could have been treated as the notice of appeal. *See Rountree v. Balicki,* 640 F.3d 530, 536 (3d Cir. 2011)(citing Third Circuit Local App. R. 3.4).

motions in the Third Circuit.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 20, 2016